UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:06-CR-00394 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ann Aldrich |
| ) | |
| JOSEPH SMITH, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Before the court are defendant Joseph Smith ("Smith") and Anton Zgoznik's ("Zgoznik") respective motions to sever [Docket Nos. 18, 20]. For the following reasons, the court denies both motions.

In this criminal case, Smith allegedly had the Catholic Diocese of Cleveland (the "Diocese") and entities under its control hire companies owned by Zgoznik to provide services, where Zgoznik would overcharge for those services and use at least part of those funds to pay kickbacks to Smith for the scheme (the "kickback scheme"). Smith also allegedly engaged in another kickback scheme, not involving Zgoznik, with an insurance brokerage firm where he allegedly received funds for directing the Diocese to purchase services from the firm (the "insurance scheme"). Finally, Smith also allegedly misused and embezzled other Diocese funds in two other schemes, one allegedly with Zgoznik's help, and failed to report any of the kickback or embezzled income on his federal tax returns (the "fidelity account scheme" and the "CCA scheme"). Both defendants have been charged with tax-related charges in the indictment relating to the schemes described, and both have been charged with obstructing the Internal Revenue Service ("IRS") audit of Smith's 1999 federal income tax return.

Both defendants have filed motions to sever. Smith seeks to sever Counts 18-27, which are tax offenses, against both himself and Zgoznik from the mail fraud and money laundering offenses. Zgoznik joins in the motion to sever the tax offenses, but also seeks to sever the charges against himself from the charges against Smith. To resolve these motions, the court must first determine whether these charges and these defendants were properly joined under Federal Rule of Criminal Procedure 8. Then, the court must determine whether any prejudice from joinder under Rule 8 exists that would enable severance under Federal Rule of Criminal Procedure 14.

Under Rule 8 of the Federal Rules of Criminal Procedure, offenses may be joined in an indictment if they are "of the same or similar character", are "based on the same act or transaction", or are "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Smith argues that three of the four "schemes" charged in the tax offense counts are not also charged in the mail fraud and money laundering counts, so there is no overlapping proof permitting joinder. *United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983). However, all of the tax offense counts *do* involve income from the kickback scheme, which is charged in the mail fraud and money laundering charges. That is enough of a factual predicate to permit joinder of these charges under Rule 8. *Id.*

Defendants may be joined if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions" that constitute an offense. Fed. R. Crim. P. 8(b). Zgoznik argues that he should not have been joined under Rule 8 because he has not been charged with respect to the insurance scheme, the CCA scheme, or the fidelity account scheme, citing *United States v. Hatcher*, 680 F.2d 438, 440-41 (6th Cir. 1982). However, as noted above, all of the charges in the indictment, whether they are against Smith, Zgoznik, or both, concern the kickback scheme. Therefore, unlike *Hatcher*, where one defendant had nothing to do with certain cocaine charges for another un-

severed defendant, in this case, Zgoznik's alleged involvement in the kickback scheme means that "the tax evasion charges arise directly out of the common illicit enterprise" and Zgoznik is therefore properly joined under Rule 8. *United States v. Bibby*, 752 F.2d 1116, 1121 (6th Cir. 1985).

Rule 14 of the Federal Rules of Criminal Procedure provides for relief from joinder under Rule 8 if joinder would cause prejudice to a defendant. Fed. R. Crim. P. 14. Smith argues that the "spillover effect" from the admission of evidence on the kickback scheme would prejudice him on charges involving the other schemes, because of the jury's potential confusion over the three non-fraud schemes and with the complexity of the conspiracy counts. Zgoznik argues that the "spillover effect" from the admission of evidence on the insurance scheme and CCA scheme, in neither of which he is alleged to have been involved, would prejudice him on the charges against him, because of the jury's potential confusion against Zgoznik's planned defense, that he was authorized to make whatever payments he made to Smith.

Smith and Zgoznik have "a heavy burden of showing specific and compelling prejudice" in order for their motions to be granted under Rule 14. *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) (citing *Bibby*, 752 F.2d at 1123; *United States v. Licavoli*, 725 F.2d 1040, 1051-52 (6th Cir. 1984)). The "'general rule is that parties who are jointly indicted should be tried together,'" and "[t]hat is particularly true when the defendants are joined in a conspiracy or joint participation in a common scheme." *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1993) (quoting *United States v. Davis*, 809 F.2d 1194, 1207 (6th Cir. 1987)) (citing *United States v. Horton*, 847 F.2d 313, 317 (6th Cir. 1988)).

"Often, a measure less drastic than a separate trial will suffice to cure any potential risk of prejudice. For example, in many cases a limiting instruction will be sufficient." *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995) (citing *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993)).

This is the case because "a jury is presumed capable of sorting out evidence and considering each count and each defendant separately . . ." *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987) (citing *United States v. Frazier*, 584 F.2d 790, 795 (6th Cir.1978)).  In other words, "'absent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance.'" *U.S. v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (quoting *United States v. Johnson*, 763 F.2d 773, 777 (6th Cir.1985)).

In this case, neither Smith nor Zgoznik has demonstrated the required substantial prejudice to justify severing the defendants or severing counts.  With respect to Smith, although evidence concerning the insurance scheme, CCA scheme, and fidelity account scheme might not be admissible for all charges against him, the court finds that a properly instructed jury will be able to sort out the four schemes. With respect to Zgoznik, although evidence concerning the CCA scheme and insurance scheme is irrelevant as to his guilt, evidence on the other two schemes will bear as to his culpability, and the court finds that a properly instructed jury will be able to consider all counts against each defendant separately.

For the foregoing reasons, the court denies both Smith and Zgoznik's motions to sever [Docket Nos. 18, 20].

IT IS SO ORDERED.

   /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: January 26, 2007**