UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:06-CR-00394 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ann Aldrich |
| ) | |
| JOSEPH SMITH, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | <u>ORDER</u> |
| ) | |
| ) | |

In its June 22, 2007 order [Docket No. 68], the court directed the Catholic Diocese of Cleveland (the "Diocese"), Bishop Anthony Pilla ("Bishop Pilla"), the Catholic Cemeteries Association (the "CCA") and the Catholic Universe Bulletin's (the "Bulletin") (collectively, the "Diocese") to produce certain documents to the court for *in camera* review and a determination as to whether those documents would be produced to defendants Joseph Smith ("Smith") and Anton Zgoznik ("Zgoznik") and plaintiff United States of America (the "Government"). The court has completed its review of the documents produced by the Diocese, and orders production as described below, subject to the condition that any and all documents produced by the Diocese shall be kept strictly confidential, to be seen only by counsel to the parties and the parties themselves. Neither the documents nor copies of them shall be released, shown or produced to anyone else.

With respect to Father John Wright's personnel file, sought in **¶ 7** of Smith's subpoena, the court declines to order production of any of the file as produced to the court by the Diocese, and takes judicial

notice of the fact that no reference to any disciplinary or other action against Father Wright regarding any of the events referred to or described in the indictment exists in the file reviewed by the court. Should either of the parties wish to refer to, discuss, or rely upon that judicially noticed fact at trial, the court shall so permit, and no party will be permitted to dispute that judicially noticed fact. With respect to the agreed-upon procedures for the Diocese's parishes from 1996 to the present, sought in ¶ **8a.** of Smith's subpoena, the court orders production of all of the agreed-upon procedures for all of the Diocese's parishes, as sought by the subpoena, subject to the confidentiality conditions described above. Following review of the sample procedures provided by the Diocese, the court finds that specific, admissible and relevant evidence concerning the Diocese's financial practices will be found in those procedures, and orders that they be produced immediately. However, prior to the introduction of any agreed-upon procedures at trial, any party wishing to do so must make a specific offer of proof for each agreed-upon procedure explaining how that specific document bears on the issues at trial.

With respect to the Finance Council minutes sought in ¶ **11** of Smith's subpoena, the court orders the Diocese to produce to the defendants and the Government all of the minutes produced to the court for *in camera* review. However, the Diocese may make the privilege redactions requested in yellow-highlighting in the May 8, 2002; September 11, 2002; July 16, 2003; October 29, 2003; and November 19, 2003 minutes for the reasons listed in the inventory accompanying the production *in camera* and provided to counsel for the defendants and the Government. Additionally, due to the concerns raised by Smith's counsel in his July 6, 2007 letter, the court orders that the Diocese confirm, via sworn affidavit from the Diocese's custodian of Finance Council minutes, that *all* minutes since 1994 have been produced to the court for review. The Diocese shall submit that affidavit within five calendar days of the issuance of this order. With respect to the audit report of the Bulletin, sought in

¶ **16** of Smith's subpoena, the court declines to order production. The audit documents produced to the court for *in camera* review do not involve income paid to individuals and are thus irrelevant to this matter.

Finally, with respect to documents relating to Bishop Anthony Pilla's charitable trust account, sought in ¶ **17** of Smith's subpoena, the court requires additional information from the Diocese before determining whether to order production of the documents provided to the court for *in camera* review by the Diocese and by McDonald & Company, and will send a letter to the Diocese with the questions the court needs answered.

The court also directs the defendants and the Government to provide the court with a list of the documents they have requested from Segment Two, reviewed by the parties in chambers, whether the Diocese has acceded to any of the requests, and which requests refused by the Diocese require final determination by the court as to production. The list shall include both Bates numbers for the documents requested, along with a brief explanation of the relevance of each requested document. The parties' respective lists shall be provided to the court within ten calendar days of the issuance of this order.

Lastly, after review of the parties' objections to the proposed jury questionnaire [Docket Nos. 72, 73], the court shall strike questions 5 through 7 and 13 through 15, as requested by the Government, but retain question 3. As requested by the Government, Carole Rendon and Stephen Sozio shall be added to questions 61 and 62, respectively, and the answer space provided for question 84 shall be revised to address the Government's objection. The court will also include the defendants' theory of defense in the proposed case summary preceding question 59, using language proposed in Smith's

objection. The final jury questionnaire will be circulated to the parties prior to its being sent to the jury department for its administration to the pool on August 1, 2007.

    IT IS SO ORDERED.

                                                        /s/ Ann Aldrich
                                                    ANN ALDRICH
                                                    UNITED STATES DISTRICT JUDGE

**Dated: July 25, 2007**