UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:06-CR-00394 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| ANTON ZGOZNIK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court is defendant Anton Zgoznik's motion for reconsideration of his motion for a new trial [dkt. 264] and the government's response [dkt. 266].  For the following reasons, the motion is denied.

**I.    BACKGROUND**

Anton Zgoznik was scheduled to be sentenced on September 8, 2009.  On that day, at the request of defense counsel, the court held a conference in chambers prior to Zgoznik's scheduled sentencing. Defense counsel moved for leave to file a supplemental motion for a new trial based on the claim that newly discovered evidence might show that Zgoznik's trial counsel, Mr. Rotatori, had undisclosed conflicts that rendered his representation ineffective and in violation of Zgoznik's Sixth Amendment rights.   Out of an abundance of caution, this court set an expedited briefing schedule for filing a supplemental motion for new trial and set a hearing on the motion, if necessary, for September 22, 2009, to be followed by Zgoznik's sentencing hearing if the motion was denied.

## II.    DISCUSSION

Zgoznik claims that his trial counsel was ineffective because of "conflicts due to previous representation rendered by Mr. Rotatori" to the Diocese of Cleveland. [Dkt. 264, at 2]  Specifically, Zgoznik's motion "is based on the sole claim" of "Mr. Rotatori's undisclosed conflict of representing the Diocese of Cleveland in 93-CV-252263," a 1993 case in state court involving unrelated issues. Also at issue, though of less importance, was Mr. Rotatori's status as a "member and a trustee of the Northern Ohio Italian American Association (NOIA)."  [Dkt. 264, at 43-4].

Federal Rule of Criminal Procedure 33 provides the initial framework in analyzing a motion for a new trial:

> (a) Defendant's Motion.  Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
> (b) Time to File.
>  (1) Newly Discovered Evidence.  Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.  If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>  (2) Other Grounds.  Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

As previously stated by this court, motions for a new trial based on newly discovered evidence are viewed with great caution.  For the court to grant a new trial on these grounds, the defendant bears the burden of establishing that: (1) the evidence was discovered after trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal if the case was retried.  *United States v. Kenny*, 505 F.3d 458, 462 (6th Cir. 2007).  Zgoznik's motion does not establish any of these

elements.  Because each element is dispositive, and because the record is so clear, the court need only address the first prong of the analysis.

Evidence of ineffective assistance of counsel "is not newly discovered evidence for purposes of a motion for new trial where the facts supporting the claim were within the defendant's knowledge at the time of the trial." *United States v. Garcia*, 19 F.3d 1123, 1126 (6th Cir. 1994) (quoting *United States v. Seago*, 930 F.2d 482, 489 (6th Cir. 1991)).  As in *Garcia*, the "facts supporting the claim were within the defendant's knowledge at the time of trial." *Id*.

In the middle of trial, Zgoznik brought his concerns and claims about Mr. Rotatori's conflicts to the court's attention during a meeting in chambers where he contemplated relieving his defense counsel and proceeding pro se.  Zgoznik stated:

> And [Mr. Rotatori] worked for the Diocese as counsel in a case involving a pedophile priest that was being sued by five families, and it was relayed to me that he did such a good job in that case that Bishop Pilla commended him on the fine work that he did defending this priest. [TR at 1973.]

Zgoznik also demonstrated his knowledge of Mr. Rotatori's affiliation with NOIA.  TR at 1972-73.  Therefore, the facts supporting the entirety of Zgoznik's motion were within his knowledge at the time of trial.[1]  Moreover, the alleged conflict, and the same supporting facts now at issue, were thouroughly addressed and considered by this court and Zgoznik himself.  The court found no conflict, and indicated it would not order a new trial on these grounds.  The court also allowed Zgoznik more time to carefully consider these claims.

---

[1] The court makes no finding and expresses no opinion about whether facts about an attorney's alleged conflict are within the meaning of "evidence" as contemplated by Rule 33.

-3-

The day after the court held the conference in chambers to address this issue, the parties reconvened so that Zgoznik could make known his decision on this matter.  Zgoznik stated: "Your Honor, my position is that I was wrong to file that motion, and I would like to formally withdraw it, my motion.  I would like to explain a couple of things if I could."  TR at 2044.  Zgoznik then added: "I did ask Mr. Rotatori if he was a member of NOIA, and he did say yes."  TR at 2042.

Accordingly, as the facts were within the defendant's knowledge at the time of trial, the instant motion is untimely.  As this court has already addressed these issues on the record, the court notes that Zgoznik's claim would fail on the merits were his motion found to be timely.

### III.   CONCLUSION

For the above reasons, the court finds that a hearing on this matter is not necessary and denies Zgoznik's motion for reconsideration of his previous motion for a new trial.  Accordingly, the sentencing hearing is set for September 22, 2009 at 1:00 p.m.

IT IS SO ORDERED.

    /s/ *Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: September 17, 2009**